UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONI HAMILTON

      Plaintiff,                                    CASE NO.:

v.

PUB BRANDS, LLC d/b/a BAILEY'S
BAR AND GRILL,

      Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RONI HAMILTON, by and through her undersigned counsel, hereby sues Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL and states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, RONI HAMILTON, is a resident of Pasco County, Florida.

4. Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL, is a Florida company authorized and doing business in this Judicial District.

5. Plaintiff was an employee of Defendant pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d) and § 448.101(3), *Fla. Stat.*, and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to bringing this action have occurred.

7. On August 14, 2020, Plaintiff filed a sexual harassment/discrimination and retaliation charge with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"). A Right to Sue was issued on November 19, 2021.

8. More than 180 days have passed since the filing of said charge.

## FACTUAL ALLEGATIONS

9. Plaintiff was employed by the Defendant from approximately March 11, 2020 to June 11, 2020 as a Bartender/Kitchen staff.

10. In her role as Bartender/Kitchen staff, Plaintiff worked 4 days a week approximately 30 to 34 hours a week.

11. Defendant treated Plaintiff as an independent contractor, rather than an employee.

12. Defendant provided the supplies necessary for Plaintiff to perform her work duties and determined Plaintiff's work schedule.

13. Defendant paid Plaintiff $40.00 cash a day which is less than the statutory minimum wage required.

14. On or around March 22, 2020, owner Brad Middleton, asked Plaintiff to have a drink with him after the bar closed. Plaintiff declined the invitation.

15. After declining the previous invitation, Mr. Middleton called Plaintiff into work at 11pm and asked her if she wanted to make some money. Mr. Middleton used the excuse that "he wanted Plaintiff to come in and deep clean the kitchen" at 11 o'clock at night. It didn't seem appropriate to Plaintiff especially after his previous behavior so she declined.

16. On or around April 15, 2020, Mr. Middleton, asked Plaintiff to stay after the bar closed to "party." Plaintiff declined the invitation.

17. On or around April 30, 2020, Mr. Middleton demanded that Plaintiff stay after the bar closed. Plaintiff declined and Mr. Middleton followed her and her friend home.

18. In or around May 2020, while Plaintiff was at work, Mr. Middleton pressed against her backside with his pelvis as he walked behind her. Plaintiff froze in disbelief and before she could tell him anything, he walked away.

19. On another occasion in May 2020, Mr. Middleton asked Plaintiff if she would let him "F" her on the pool table and have oral sex.

20. On or around May 9, 2020, Mr. Middleton ask Plaintiff to dance on the bar for him.

21. On or around May 27, 2020, Mr. Middleton told Plaintiff if she didn't stop speaking to Jessica (former employee), who was aware of his behavior, that she would be immediately terminated.

22. On or around June 6, 2020, Mr. Middle called Plaintiff on the bar phone begging her to go to his office and "F" him and that he would pay her a lot of money if she did. When Plaintiff refused, he became extremely angry.

23. On June 10, 2020, Plaintiff was terminated by Mr. Middleton's assistant.

24. Plaintiff has retained the services of Florin Gray Bouzas Owens, LLC and is obligated to pay her legal counsel a reasonable fee for their services.

## COUNT I
## UNPAID WAGES

25. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

26. Plaintiff has earned unpaid wages which are owed and payable by the Defendant pursuant to Chapter 448, *Florida Statutes*.

27. As a direct and proximate result of the Defendant failure to pay Plaintiff her unpaid wages, Plaintiff has retained the undersigned counsel and is obligated to pay their costs and attorneys' fees.

WHEREFORE, Plaintiff, RONI HAMILTON, demands a trial by jury and judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL, for damages in an amount within the jurisdictional limits of this Court, to wit: More than Thirty Thousand Dollars ($30,000.00) plus interest, attorney's fees, and costs, and for such other and further relief to which Plaintiff may be justly entitled.

## COUNT II
## (FAIR LABOR STANDARDS ACT – MINIMUM WAGE)

28. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

29. At all times material hereto, Plaintiff was paid $40.00 cash daily.

30. Plaintiff regularly earned less than the statutory minimum wage required to be paid to employees under the required FLSA.

31. At all times material, Defendant failed to comply with the FLSA, in that Plaintiff should have been paid at no less than the minimum wage rate.

32. Defendant's failure to pay Plaintiff the required wage was intentional and willful.

33. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, RONI HAMILTON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL for:

(a) all legal and equitable relief allowed by law including judgment against Defendant for minimum wage compensation;

(b) prejudgment interest;

(c) post judgment interest;

(d) payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(e) adjudication on the merits of the case; and

(f) such other relief as the court may deem just and proper.

## COUNT III
## FCRA – SEXUAL HARASSMENT

34. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

35. Plaintiff is a member of a protected class.

36. The aforementioned actions by Defendant constitute unwelcome sexual harassment.

37. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

38. Defendant knew of or should have known of the harassment to Plaintiff.

39. The aforementioned actions constitute discrimination on the basis of sex, in violation of Florida Statutes Chapter 760.

40. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

41. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, RONI HAMILTON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

  e. Compensatory damages;

  f. Pecuniary and non-pecuniary losses;

  g. Costs and attorney's fees;

## COUNT IV
## FLORIDA CIVIL RIGHTS ACT ("FCRA") – RETALIATION

42. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

43. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by the Florida Civil Rights Act ("FCRA"), Chapter 760, et seq., Florida Statutes.

44. The above-described acts of retaliation constitute a violation of the FCRA, Chapter 760, et seq., Florida Statutes, for which Defendant is liable.

45. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, RONI HAMILTON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL for:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Interest on front pay and benefits;

    e.    Compensatory damages, including those for emotional pain and suffering;

    f.    Punitive damages;

    g.    Injunctive relief;

    h.    Attorney's fees and costs; and

    i.    All such other relief/damages to which Plaintiff is entitled.

## COUNT V
## TITLE VII – SEXUAL HARASSMENT

46. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

47. Plaintiff is a member of a protected class of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

48. The aforementioned actions by Defendant constitute unwelcome sexual harassment.

49. The harassment was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

50. Defendant knew of or should have known of the harassment to Plaintiff.

51. The aforementioned actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

52. Defendant's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

53. As a result of Defendant's unlawful sexual harassment, Plaintiff has suffered and continues to suffer the following damages.

WHEREFORE, Plaintiff, RONI HAMILTON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    f. Punitive damages;

    g. Attorney's fees and costs; and

    h. All such other relief and damages to which Plaintiff is entitled.

## COUNT VI
## TITLE VII – RETALIATION

54. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 24.

55. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Title VII.

56. The above-described acts of retaliation constitute a violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000, et seq.

57. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and will continue to suffer damages.

WHEREFORE, Plaintiff, RONI HAMILTON, respectfully requests all legal and equitable relief allowed by law including judgment against Defendant, PUB BRANDS, LLC d/b/a BAILEY'S BAR AND GRILL for:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Interest on front pay and benefits;

    e. Compensatory damages, including damages for mental anguish, loss of dignity, and other intangible injuries;

    f. Punitive damages;

    g. Attorney's fees and costs; and

    h. All such other relief and damages to which Plaintiff is entitled.

### **DEMAND FOR JURY TRIAL**

58. Plaintiff, RONI HAMILTON, demands a trial by jury.

Dated this 10th day of February, 2022.

                                     **FLORIN GRAY BOUZAS OWENS, LLC**

                                     */s/Christopher D. Gray*
                                     **CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
Primary: chris@fgbolaw.com
Secondary: debbie@fgbolaw.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff