UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONI HAMILTON,

    Plaintiff,

v.                                            Case No.:  8:22-cv-344-KKM-MRM

PUB BRANDS, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court *sua sponte* following the Order to Show Cause as to Defendant Pub Brands, LLC d/b/a Bailey's Bar and Grill, entered on September 6, 2022.  (Doc. 26).

**I.    Background**

On August 3, 2022, the Court allowed Defendant's counsel to withdraw and directed the Clerk of Court to add Defendant's service address provided by counsel – Pub Brands, LLC Veronica Bero as Manager 3208 Bluff Blvd. Holiday, FL 34691 – to CM/ECF.  (Doc. 25 at 2).  The Court also directed Defendant to retain counsel and to have its counsel file a notice of appearance no later than September 2, 2022, pursuant to M.D. Fla. R. 2.02(b)(2), which states that "[a] party, other than a natural person, can appear through the lawyer only."  (*Id*. at 3).  The Court cautioned Defendant that failure to comply with the Order may subject the offending party(ies)

to dismissal, default, or other sanctions, as appropriate. (*Id.*). A copy of the Order was mailed to Defendant at its service address. (*Id.*).

When Defendant failed to comply with the August 3, 2022 Order, the Court entered an Order to Show Cause on September 6, 2022, and granted Defendant another opportunity to comply with the Court's Order. (Doc. 26). The Court, therefore, ordered Defendant to retain counsel and to have its counsel file a notice of appearance no later than September 27, 2022. (*Id.* at 1-2). The Court again warned Defendant that failure to comply with the Order may subject the offending party(ies) to dismissal, default, or other sanctions, as appropriate. (*Id.* at 2). A copy of the Order was mailed to Defendant at its service address. (*Id.*).

To date, Defendant has failed to retain counsel and to have its counsel file a notice of appearance.

## II.     Legal Standard

Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including issuing a default order against the offending party. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008), *judgment entered*, 2009 WL 179634 (M.D. Fla. Jan. 26, 2009). Fed. R. Civ. P. 16(f)(1)(C) specifically provides that: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . fails to obey a scheduling or other pretrial order."

2

Defaults, however, are disfavored because of the strong policy of determining cases on their merits. *Claytor v. Mojo Grill and Catering Co. of Belleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). This Court has held that, generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985)). The Court must find that less drastic sanctions would not be equally effective in achieving compliance with the Court's orders. *Id.* (citing *Adolph Coors*, 777 F.2d at 1543; *Aztec Steel Co. v. Fla. Steel Corp.*, 691 F.2d 480, 481-82 (11th Cir. 1982)). However, when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe" sanction of default is not an abuse of discretion. *See Commodity Futures Trading Comm'n v. Alpha Trade Grp., S.A.*, No. 6:11-cv-1584-Orl-31, 2012 WL 3984717, at *2 (M.D. Fla. Aug. 24, 2012), *report and recommendation adopted*, 2012 WL 3984872 (M.D. Fla. Sept. 11, 2012) (citing *Aztec Steel Co.*, 691 F.2d at 481). Thus, the Court has the authority to enter defaults and default judgments "for failure . . . to comply with its orders or rules of procedure." *Suarez v. Don Pan Tampa*, No. 8:11-cv-2295-T-33TGW, 2011 WL 6822191, at *1 (M.D. Fla. Dec. 28, 2011) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

### III. Analysis

A review of the docket in this case reveals that Defendant failed to comply timely with the Court's Orders dated August 3, 2022, and September 6, 2022, despite the mailing of those orders to Defendant at its last known address. (*See* Docs. 25, 26). The Undersigned finds, therefore, that an entry of default against Defendant is warranted under Fed. Rs. Civ. P. 16(f) and 37(b)(2).

In recommending this result, the Undersigned finds that the severe sanction of default is necessary in this case because: (1) Defendant has demonstrated a flagrant, willful, and bad-faith disregard for the Court's Orders; and (2) no less drastic sanction would be effective in achieving compliance with the Court's Orders. Indeed, the Court has given Defendant several opportunities to comply and mailed its Orders to Defendant at its service address, but Defendant continues to fail to comply with the Orders. (*See* Docs. 25, 26). Moreover, those Orders expressly warned that failure to comply may result in an entry of default against Defendant. (*See id.*). If the express warning of the potential for default is insufficient to convince Defendant to comply with Court Orders, the Undersigned finds that any lesser sanction is highly unlikely to secure Defendant's compliance.

### CONCLUSION

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that the presiding United States District Judge enter an Order:

1. Striking Defendant's Answer and Affirmative Defenses (Doc. 16);

2. Directing the Clerk of Court to enter a clerk's default against Defendant; and

3. Requiring Plaintiff to file a motion for default judgment within fourteen (14) days of any Order directing the Clerk of Court to enter a clerk's default against Defendant.

**Further, the Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendant at its last known address: Pub Brands, LLC Veronica Bero as Manager 3208 Bluff Blvd. Holiday, FL 34691.**

**RESPECTFULLY RECOMMENDED** in Chambers in Tampa, Florida on October 5, 2022.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection.

5

The parties are warned that the Court will not extend these deadlines. To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties